## 1770. DOWDY *v.* THE STATE

The evidence was sufficient to authorize the conviction.

Accusation of larceny from house, from city court of Washington—Judge Wynne. March 1, 1909.

Submitted April 13,—Decided May 4, 1909.

*I. T. Irvin,* for plaintiff in error.

*R. C. Norman, solicitor,* contra.

POWELL, J. The defendant was charged with larceny from the house, in that he stole certain cottonseed from an outhouse of a Mr. Ray. The proof was that he and another negro, named Bradley, went "to the cottonseed house" of Mr. Ray and stole the cottonseed therefrom. The only point made as to the legal sufficiency of the evidence is that the indictment charged an outhouse and the proof showed a cottonseed house. This is not a material variance. The judge who tried the case without the intervention of a jury was authorized, as a trior of the facts, to infer, from his general experience and observation, that a cottonseed house is an outhouse. The plaintiff in error cites the case of *Thompson* v. *State,* 92 *Ga.* 448 (17 S. E. 265), in which it was held that "an allegation in an indictment that a grindstone was stolen from a 'wagon shed-house' is not supported by evidence showing that the grindstone in question was stolen from *under* a 'buggy shed-house.'" The italics in the foregoing quotations were inserted by the Supreme Court itself and plainly were intended to emphasize the fact that the larceny did not take place in the house or from the house, but was *under* a shed. To steal from under a shed is not larceny from the house, in this State. *McCabe* v. *State,* 1 *Ga. App.* 719 (58 S. E. 277).

The plaintiff in error also excepts to the admission of testimony, that he and the negro Bradley were frequently seen together about Mr. Ray's place during the period in which the larceny was supposed to have been committed. There was no error in admitting this testimony.          *Judgment affirmed.*